# Grayhawk Law

3015 Main Street, Suite 330
Santa Monica, California 90405
www.grayhawklaw.com
(310) 571-5993

July 2, 2026

Judges Friedland, Forrest, and Tung:

I write to respond to the Court's questions during oral argument in *Coleman, et al. v. United Services Automobile Association, et al.*, No. 25-793, on June 25, 2026. Those questions pertained to the propriety of certifying one or more questions of state law to the Supreme Court of California. As this letter explains, this Court routinely certifies questions to state supreme courts in cases brought in federal court in the first instance and where certification was first suggested by the plaintiffs. Certification is proper here because the unresolved questions of state law are dispositive to this case and carry exceptional importance to California. Certification is especially appropriate because, as the Court recognized at argument, the resolution of the dispositive question of statutory interpretation implicates a fundamental structural question of California law that is best answered by the Supreme Court of California.

*First*, during oral argument, Judge Friedland asked whether I was "aware of any time that we've certified [questions to the Supreme Court of California] in a case where the plaintiff who chose to file in the federal court in the first place is the one asking for certification." (Video 34:06.) I responded that "I can provide citations for you later on this." (*Id*. 34:16).

This Court has frequently certified questions to the Supreme Court of California, and that court has answered those questions, in cases in which (a) plaintiffs filed their lawsuits in federal district court, (b) they could have filed their claims in state court, and (c) plaintiffs were the party that asked this Court to certify the questions. *See, e.g.*, *Another Planet Ent., LLC v. Vigilant Ins. Co.*, 56 F.4th 730 (9th Cir. 2022), *certified question answered*, 15 Cal. 5th 1106 (2024); *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1192 (9th Cir. 2021), *certified question answered*, 17 Cal. 5th 1 (2024); *Yahoo! Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 913 F.3d 923 (9th Cir. 2019), *certified question answered*, 14 Cal. 5th 58 (2022); *Oman v. Delta Air Lines, Inc.*, 889 F.3d 1075 (9th Cir. 2018), *certified questions answered*, 9 Cal. 5th 762 (2020); *Frlekin v. Apple, Inc.*, 870 F.3d 867 (9th Cir. 2017), *certified question answered*, 8 Cal. 5th 1038 (2020).

This Court's certification in these cases served to preserve the properly limited role of federal courts applying state law when sitting in diversity. Federal courts must apply state law as state courts would apply it. *See, e.g.*, *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 F.3d 893, 895–96 (9th Cir. 2009). "Speculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication is particularly gratuitous when the state courts stand willing to address questions of state law on

certification from a federal court." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997) (cleaned up). Certification thus "helps [to] build a cooperative judicial federalism" by ensuring that state courts retain ultimate authority for deciding important questions of state law. *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974). That purpose is equally important, and equally well served by certification, regardless whether the plaintiff files in federal court or a defendant removes to federal court. Finally, and contrary to USAA's contention, plaintiffs have not engaged in any "gamesmanship." Only this Court—and not the district court—can certify a question to the Supreme Court of California. And it would make little sense to penalize a plaintiff who filed in federal court precisely to avoid unnecessarily squandering judicial resources in an inevitable removal proceeding when certification also serves to "'save time, energy, and resources.'" *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting *Lehman*, 416 U.S. at 391).

*Second*, this case satisfies this Court's standard for certifying questions of state law to a state supreme court. In their opening brief, plaintiffs proposed two questions of state law for certification:

1. Did the California Legislature exempt USAA from §§ 1861.02(b) and 1861.16(b) of California's Insurance Code by enacting § 11628(f)(1)?
2. If the Legislature exempted USAA from §§ 1861.02(b) and 1861.16(b), was that an impermissible amendment of Prop. 103 because it conflicts with and frustrates rather than furthers Prop. 103's purposes?

California Rule of Court 8.548(a) provides only two threshold requirements for certification: (i) that the answer "could determine the outcome" of the pending matter; and (ii) "there is no controlling precedent." Cal. R. 8.548(a). USAA does not dispute that both requirements are met here. The additional factors this Court considers in exercising its discretion to certify a question of state law are satisfied as well. The Ninth Circuit has repeatedly explained that, once Rule 8.548(a)'s prerequisites are met, certification is particularly appropriate where the unresolved question is sufficiently important that California's highest court should provide the authoritative answer rather than requiring a federal court to make an *Erie* prediction. *See, e.g.*, *Meza v. Portfolio Recovery Assocs.*, LLC, 860 F.3d 1218, 1221 (9th Cir. 2017). As the Court recognized at argument, this case impacts hundreds of thousands of active-duty enlisted personnel and veterans who, plaintiffs allege, were unlawfully overcharged by hundreds of millions of dollars. That broad impact makes this an appropriate case for this Court to exercise its discretion to certify the dispositive issues of state law to the Supreme Court of California. *See Pitzer Coll. v. Indian Harbor Ins. Co.*, 845 F.3d 993, 996 (9th Cir. 2017) ("The answers to these questions are dispositive of the case, without clear California precedent, and important to protections for California insureds.").

Moreover, as became clear during argument, the adjudication of the unresolved questions of statutory interpretation depends, in turn, on fundamental questions of the structure of California law that are best answered by the Supreme Court of California. If Section 1861.16(b) and Section 11628(f) conflict, then this

case depends on which statute takes priority. The answer to that question depends, in turn, on whether Section 1861.16(b) qualifies as, to use Judge Tung's phrase at argument, a "superstatute."

Plaintiffs contend that Section 1861.16(b) is such a superstatute because it amended, and therefore became part of, Proposition 103. As plaintiffs explained in their briefing, the California Constitution prohibits the legislature from amending a statute adopted by citizen initiative without the approval of the people, except through the procedures enshrined in the citizen initiative itself. *See* Cal. Const. art. II, § 10(c). Proposition 103, in turn, permits the legislature to amend its provisions only if the amendment passes by a supermajority vote and furthers the purpose of Proposition 103. Prop. 103, § 2; *see also Amwest Sur. Ins. Co. v. Wilson*, 11 Cal. 4th 1243, 1249 (1995). Section 1861.16(b) was enacted unanimously two years after Proposition 103 to close the corporate affiliate loophole that insurers had exploited to evade Proposition 103's "Good Driver" reform, which had been enacted by the voters in Section 1861.02(b)(1). That reform guaranteed every qualifying good driver the right to purchase an automobile insurance policy at a discounted rate. USAA does not dispute that Section 1861.16(b) furthers the Proposition's purpose. Section 1861.16(b) thus validly amended Proposition 103.

USAA nonetheless contends that Section 11628(f) may carve out an exception to Section 1861.16(b) even though it plainly frustrates the purposes of Section 1861.16(b). The sole basis for that contention is that Section 1861.16(b) was enacted by the Legislature as an amendment to Proposition 103 rather than as part of Proposition 103's original text. Plaintiffs, by contrast, contend that because Section 1861.16(b) validly amended Proposition 103, the California Constitution and Proposition 103 together prohibit the legislature from amending Section 1861.16(b) unless the amendment furthers Section 1861.16(b)'s purpose—which Section 11628(f) does not. USAA's interpretation of Section 11628(f) therefore raises grave constitutional concerns under the California Constitution's provisions governing legislative amendments to citizen initiatives.

No California court has addressed whether the Legislature may adopt a statute that narrows a valid amendment to a citizen initiative and thus frustrates its purpose. That unresolved question of California law is dispositive to this case—if Section 11628(f) cannot, consistent with the California Constitution and Proposition 103, exempt USAA from Section 1861.16(b), then this Court must reverse the decision below. That dispositive question of California law should be answered by the Supreme Court of California.

Finally, in addition to the two questions of state law identified by plaintiffs, USAA contends that Section 1860.1 bars plaintiffs' claims under the so-called filed rate doctrine. As the district court recognized, where as here "a plaintiff's claim does not challenge an approved rate or the DOI's ratemaking authority, but rather challenges some other conduct, section 1860.1 does not prevent the plaintiff from bringing their claim in court under a different theory." (3-ER-284.) Indeed, Proposition 103 refutes USAA's argument by creating an express cause of action for private enforcement. *See* Cal. Ins. Code §§ 1861.03(a), 1861.10(a); *see also Donabedian v. Mercury Ins. Co.*, 116 Cal. App. 4th 968 (2004) (relying on Proposition 103's enforcement provisions in allowing claims challenging insurance practices under Proposition 103). The Supreme Court of California's construction of the Insurance Code's parallel title-insurance immunity confirms that reading:

statutory immunity extends only to acts done pursuant to the authority the chapter actually confers. *See Villanueva v. Fidelity National Title Co.*, 11 Cal. 5th 104, 110–11 (2021).

Nonetheless, plaintiffs acknowledge that this Court has previously certified questions related to the filed rate doctrine to state supreme courts. *See, e.g.*, *Alpert v. NationStar Mortgage LLC*, No. 19-35867 (9th Cir. 2020) (certifying to Washington Supreme Court question regarding application of filed rate doctrine in context of homeowner's insurance). USAA's reliance on an intermediate appellate court decision from 16 years prior to *Villanueva* demonstrates, if anything, a need for the Supreme Court of California to resolve the scope of the doctrine. *See MacKay v. Superior Court*, 188 Cal. App. 4th 1427 (2010). Accordingly, should the Court conclude that Section 1860.1's application here is unsettled and potentially dispositive, plaintiffs respectfully propose that the Court certify a third question:

3. Does Insurance Code section 1860.1 bar a private civil action to enforce Sections 1861.02(b) and 1861.16(b), notwithstanding Insurance Code section 1861.10(a)?

For these reasons, this Court should certify the important questions of state law to the Supreme Court of California.

Matthew A. Seligman
Principal
Grayhawk Law, P.C.
matthew@grayhawklaw.com
(310) 571-5993