# GIBSON DUNN

Kahn A. Scolnick
Direct: +1 213.229.7656
Fax: +1 213.229.6656
KScolnick@gibsondunn.com

July 7, 2026

<u>VIA ECF FILING</u>

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re:     *Coleman, et al. v. United Services Automobile Association, et al.*, No. 25-793
        (Argued and submitted on June 25, 2026, to Judges Friedland, Forrest, and Tung)

Dear Ms. Dwyer:

A week after the oral argument in this case, Plaintiffs-Appellants filed an unauthorized supplemental letter-brief titled: "Citation of Supplemental Authorities (28j Letter)" (ECF No. 42). The supplemental letter-brief meets none of Federal Rule of Appellate Procedure 28(j)'s requirements and is otherwise improper; Plaintiffs-Appellants are merely trying to shore up their meritless request for another bite at the apple via certification to the California Supreme Court.

*First*, the 1,691-word letter-brief is nearly five times Rule 28(j)'s 350-word limit. *See* Fed. R. App. P. 28(j); 9th Cir. R. 28-6.

*Second*, Plaintiffs-Appellants do not even try to claim that the 20+ authorities discussed in the letter-brief (the most recent of which is from 2024, months before Plaintiffs-Appellants filed this appeal) are newly discovered and could not have been discussed in their merits briefing; and many of them *were*. In reality, this letter-brief is a self-authorized, post-argument merits submission that both "raise[s] new issues" and "reargue[s] previously raised issues." *United States v. LaPierre*, 998 F.2d 1460, 1466 n.5 (9th Cir. 1993). "Both of these tactics are inappropriate." *Id.*; *see BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 20 F.4th 1231, 1248 n.8 (9th Cir. 2021) (Rule 28(j) letter improperly cited, "for the first time," case that pre-dated the close of briefing); *United States v. Kurns*, 129 F.4th 589, 599 (9th Cir. 2025) (declining to consider arguments and authorities in a Rule 28(j) letter that "were available to [appellant] at every previous stage of this case").

*Third*, the letter-brief includes a *brand-new* request for certification regarding the filed-rate arguments. Rule 28(j) does not authorize that, either. *See Confederated Tribes of Umatilla Indian Rsrv. v. Bonneville Power Admin.*, 342 F.3d 924, 933 (9th Cir. 2003) (declining to consider new argument raised in a Rule 28(j) letter).

The Court should disregard or strike Plaintiffs-Appellants' unauthorized letter-brief. If this Court is inclined to do neither, then USAA requests leave to file a response of at least the same length explaining why certification remains inappropriate.

# GIBSON DUNN

Molly Dwyer                                                      July 7, 2026
U.S. Court of Appeals for the Ninth Circuit                         Page 2

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

Kahn A. Scolnick

KAS